**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MAR NETWORK LLC,

   *Plaintiff,*

v.

ALCIDE JULES et al.,

   *Defendants.*

Civil Action No. 25-15807

**OPINION AND ORDER**

July 13, 2026

**SEMPER**, District Judge.

  **THIS MATTER** comes before the Court on Defendant Alcide Jules' ("Defendant") Notice of Removal, (ECF 1, "Notice of Removal" or "Notice"), and Magistrate Judge Jessica S. Allen's Report and Recommendation, (ECF 11, "R&R").  For the reasons set forth below, the Court adopts Judge Allen's R&R and remands this case to state court.

  **WHEREAS** on September 18, 2025, Defendant removed this case from the Superior Court of New Jersey, Appellate Division, which dismissed Defendants' appeal of the Superior Court of New Jersey, Chancery Division's denial of their Motion to Vacate the Sheriff's sale of their property.  (Notice at 2.)  Defendants claim that the Chancery Division violated their due process rights by ruling against them before they retained counsel to assist them with their Motion.  (*Id*.)  Defendants further claim the Appellate Division's dismissal of their appeal resulted in irreparable harm.  (ECF 1-1, "Certification of Jules Alcide" or "Alcide Cert." ¶¶ 6, 11.)  On November 12, 2025, Judge Allen entered an Order to Show Cause directing Defendants to explain in writing why this action should not be dismissed or remanded back to state court for lack of subject matter jurisdiction.  (ECF 10, "Order".)  Defendants failed to respond to the Order.  (R&R at 2); and

1

**WHEREAS** on December 19, 2025, Judge Allen issued her R&R, recommending this Court remand this matter to state court due to lack of subject matter jurisdiction.  (R&R.)  Under 28 U.S.C. § 636(b)(1)(C), Defendants had fourteen days from December 19, 2025 to file objections to the R&R.  This Court extended Defendants' time to file objections to February 17, 2026.  (ECF 14.)  Defendants failed to file any objections.  (ECF 17 at 1.)  Absent objections, a "party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)).  However, a baseline level of "reasoned consideration" is still required, which generally constitutes review for plain error.  *Id.* (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); and

**WHEREAS** the Court has reviewed the R&R for plain error and agrees with Judge Allen's reasoning.  The federal removal statute allows a defendant to remove an action filed in state court to a federal court which would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "The party seeking removal has the burden of establishing federal jurisdiction and we interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Johnson v. Mazie*, 144 F.4th 146, 151 (3d Cir. 2025) (citing *Avenatti v. Fox News Network Ltd.*, 41 F.4th 125, 130 (3d Cir. 2022) (citation modified)).  "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  Here, Defendants' failure to identify grounds for removal and attach Plaintiff's complaint to their Notice of Removal are procedural violations of the removal statue, 28 U.S.C. § 1446(a).  (R&R at 2.)  This Court is therefore deprived of a means to assess federal question jurisdiction, warranting remand to the state court; and

**WHEREAS** Judge Allen further analyzed whether the Court lacks subject matter jurisdiction over Defendants' claims under the *Rooker-Feldman* doctrine.  (*Id.* at 3-4.)  The *Rooker-Feldman* doctrine prohibits federal district courts from obtaining jurisdiction over "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is triggered when: "(1) the federal plaintiff lost in state court; (2) the [federal] plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citation modified).  Here, Defendants attempt to establish federal question jurisdiction by alleging a "violation of the[ir] due process rights," (Alcide Cert. ¶ 6), stemming from the Chancery Division's Order rejecting their Motion to Vacate the Sherrif's sale of their property.  (*Id.* at ¶ 5.)  Judge Allen properly notes that the Court is precluded from hearing this claim under the *Rooker-Feldman* doctrine, (R&R at 4), as Defendants are "state-court loser[s] complaining of injuries caused by [a] state-court judgment" who have impermissibly removed the case to federal court to review and reject the judgement.  *See Exxon Mobil Corp.* 544 U.S. at 284.

For the reasons stated above,

**IT IS** on this **13th** day of **July 2026**, hereby

1. **ORDERED** that Judge Allen's Report and Recommendation (ECF 11) is **ADOPTED**; and it is further

2. **ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey, Appellate Division; and it is finally

3. **ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

3

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties